**SO ORDERED.**

**SIGNED this 04th day of September, 2007.**

_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## United States Bankruptcy Court

**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| CHRISTIAN L. JIMENEZ & ELVIRA JIMENEZ | 07-51541-C |
| *DEBTORS* | CHAPTER 7 |

### ORDER DENYING APPLICATION FOR WAIVER OF INSTRUCTIONAL COURSE REGARDING PERSONAL FINANCIAL MANAGEMENT

CAME ON for consideration the foregoing matter. Elvira Jimenez renews her request for a waiver of the Bankruptcy Code's requirement that she complete an instructional course in personal financial management. She attaches the same medical documentation, but in her motion adds that she has taken college courses on financial management and other subjects, such that she does not need the "education."

The debtor may well be right that she doesn't need the education. She may be insulted that she should have to take such a course as a condition to obtaining her discharge. She may be right on both counts. But that is irrelevant. Congress decided that *everyone* who files for bankruptcy has to take this course. Reasonable persons may well quibble with this policy choice as an unnecessary exercise, a patronizing conclusion on the part of Congress that most debtors lack the ability to manage their finances, perhaps even a faulty assumption on the part of Congress that inability to manage one's finances is the *primary* or *only* reason people file for bankruptcy. Some cynics might even argue that the requirement serves only to make it more difficult for people to obtain bankruptcy relief, in the hopes that fewer people will have access to bankruptcy as a solution to their problems, thus leaving them at the mercy of their creditors. None of this matters, however, because the policy, no matter how ill conceived, is now the law. The court is not free to ignore the law, nor is it free to re-write Congress' enactments.

The only exception provided by Congress is found in section 727(a)(11), which states that

only a debtor who fits within the narrow exception described in section 109(h)(4) may be excused from taking the instructional course on personal financial management. Section 109(h)(4) in turn limits the waiver to persons who are unable to complete such a course "because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4). The statute goes on to explain that "incapacity" refers to mental illness or mental deficiency, and that "disability" refers to conditions rendering a debtor so physically impaired as to be unable, after a reasonable effort, to participate in an in person, telephone, or Internet briefing of the kind described in paragraph (1) of section 109(h). *Id.* The instructional course, of course, may not be available by telephone or via an Internet briefing. It may only be available in person. Unfortunately, Congress in its wisdom didn't think of that. If a person's disability would still permit a person to participate via the Internet, then that person will have to take the course, even though it is only available in person. The statute in this regard is clearly short-sighted, and it is doubtful that Congress realized that the language that it used would create this little catch for debtors (though a cynic might say that at least some did). Nevertheless, the statute says what it says, leaving both the court and the debtor with few options.

The materials attached to the motion do demonstrate that the debtor was hospitalized for a respiratory ailment. They do not indicate that the condition for which she was hospitalized is chronic or otherwise so debilitating that she would meet the criteria in section 109(h)(4). Indeed, the doctor who submitted a note on behalf of the debtor simply says that he treats the debtor for depression, anxiety, and fibromyalgia. He does not state in what way, if any, these conditions might result in the sort of physical impairment contemplated by the statute. What is more, his note states that her last visit was on April 17, 2007. The debtor filed this case in August 2007. Thus, even if the court were to construe the disability exception in section 109(h)(4) as it applies to a waiver from the course on personal financial management to mean that the debtor need only demonstrate a physical impairment affecting her ability to appear in person (without regard to her ability to participate by telephone or via the Internet), the debtor's materials still do not make the case that she qualifies for the waiver.

For the reasons stated, the request for a waiver of the requirement to complete the course on personal financial management, imposed by section 727(a)(11), must be denied.

# # #